# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113

TELEPHONE: (202) 879-3939 • FACSIMILE: (202) 626-1700

July 1, 2024

Catherine O'Hagan Wolfe
Clerk, U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Mackey*, No. 23-7577

Dear Ms. Wolfe:

The Supreme Court's decisions last week in *Snyder v. United States*, No. 23-108 (June 26, 2024), and *Fischer v. United States*, No. 23-5572 (June 28, 2024), support reversal of Mackey's conviction here.

*First*, both decisions narrowly construed vague federal criminal statutes, invoking statutory context and history, the implausible consequences of a broader reading, and principles of lenity and fair notice. *Snyder* Op. 7-14; *Fischer* Op. 5-10, 14-16. All of those same considerations counsel against the Government's sweeping construction of § 241. *See* Mackey.Br.18-32. Indeed, those arguments are even stronger in this context, given the unique "clearly established" overlay applicable to § 241. Mackey.Br.33.

*Second*, both decisions reversed the convictions even though juries had concluded the defendants had acted with a "corruptly" *mens rea*. *Snyder* Op. 5; *Fischer* Op. 12. That is responsive to Judge Raggi's inquiries at oral argument regarding whether § 241's intent element cured Mackey's overbreadth and fair notice concerns. To be sure, the dissenting Justices in both cases, echoing the Government and courts below (*e.g.*, *Fischer* Op. 3), thought the "corruptly" element sufficed to "screen out" innocent actors. *Fischer* Dissent 14; *see also Snyder* Dissent 16-17. But the majority did not buy that logic. Neither should this Court.

*Finally*, the Court in *Snyder* observed the Government sought to avoid the "overbreadth" associated with its reading of § 666 by offering to make "exceptions" in other cases to narrow its reach. *Snyder* Op. 12. The Court rejected that approach, since it "simply moved the Government from one sinkhole to another" by depriving citizens of "clear lines" separating "innocuous" from "criminal" conduct. *Id.*

ALKHOBAR • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DUBAI
FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID • MEXICO CITY
MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Page 2

In this case, too, the Government has sought to mitigate the First Amendment overbreadth associated with its unprecedented construction of § 241 by disclaiming the logical consequences of its reading. *E.g.*, Govt.62-63. But it failed, both in its brief and when pressed at oral argument, to identify any "clear lines"—let alone lines that would have been obvious to a reasonable person in 2016.

These decisions, continuing a decade-long trend in federal criminal law, confirm that Mackey's conviction must be reversed.

Sincerely,

*/s/ Yaakov M. Roth*
Yaakov M. Roth
 JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
(202) 879-3939

*Counsel for Defendant-Appellant*

cc: All Counsel of Record (whom the above-signing attorney certifies was served with this letter on July 1, 2024, via ACMS)

## CERTIFICATE OF COMPLIANCE

I certify that this letter is written Garamond 14-point font, and the body of this letter contains 345 words as determined by the word-count feature of Microsoft Word.

Dated: July 1, 2024                    Respectfully submitted,

/s/ *Yaakov M. Roth*
Yaakov M. Roth
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
(202) 879-3939

*Counsel for Defendant-Appellant*