

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NJM:EDP/FTB                                         *271 Cadman Plaza East*
F. #2018R02250                                      *Brooklyn, New York 11201*


July 2, 2024


By ECF


Catherine O'Hagan Wolfe
Clerk, United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

                    Re:    United States v. Mackey
                           No. 23-7577

Dear Ms. Wolfe:

        The government writes respectfully in response to appellant Douglass
Mackey's July 1, 2024 letter in the above-referenced case pursuant to Federal Rule of
Appellate Procedure 28(j).  The letter cited two recently decided Supreme Court cases—
Snyder v. United States and Fischer v. United States—as supporting Mackey's arguments in
favor of reversing his conviction for violating 18 U.S.C. § 241, which criminalizes
conspiracies to injure others in the exercise of their constitutional rights.  Because neither
Snyder nor Fischer dealt with the scope of Section 241 or the constitutional right to vote at
issue in this case, the decisions have no relevance to the disputes presently before the Court.

        Snyder addressed the question whether 18 U.S.C. § 666(a)(1)(b) covered
"gratuities" given to government officials as corrupt rewards for past official acts.  Fischer
delineated the scope of an obstruction statute codified at 18 U.S.C. § 1512(c)(2).  Neither
case spoke—at all—to the proper interpretation of Section 241 or whether the right to vote,
which Mackey's conspiracy targeted, was "clearly established" within the meaning of United
States v. Lanier, 520 U.S. 259, 268-71 (1997)—the core questions in this appeal.

        Mackey's attempt to divine some general principle from these two statute-
specific opinions fails.  For example, the fact that certain conduct is not prohibited by two
different statutes, even if undertaken with a culpable mental state, does not somehow mean
that the specific intent requirement in Section 241 is irrelevant to an overbreadth argument,
as Mackey insinuates.

Most importantly, neither case casts any doubt on the key tenet of Section 241's longstanding jurisprudence that "willful violators" of specific and established constitutional rights "'certainly are in no position to say that they had no adequate advance notice that they would be visited with punishment. . . .'" <u>Lanier</u>, 520 U.S. at 267 (quoting <u>Screws v. United States</u>, 325 U.S. 91, 104-05 (1945)). Here, the right to vote was clearly established, as was Section 241's protection of that right. Defrauding lawful voters out of this right is a crime. Gov't Br.35. <u>Snyder</u> and <u>Fischer</u> do not call these points into question.

Respectfully submitted,

BREON PEACE
United States Attorney

COREY P. AMUNDSON
Chief, Criminal Division
Public Integrity Section

By:      __/s/_____
Erik D. Paulsen
F. Turner Buford
Nicholas J. Moscow
Assistant U.S. Attorneys
(718) 254-7000

William J. Gullotta
Trial Attorney
(202) 514-0047

cc:     Counsel of Record (by ECF)

2